28 F.3d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gregory Lee ZIEGLER,III, Defendant-Appellant.
 No. 93-5785.
 United States Court of Appeals,
Fourth Circuit.
 Submitted June 23, 1994.
Decided July 19, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-93-94)
 W. Richard Staton, Mullens, WV
 Rebecca A. Betts and Victoria B. Major, Charleston, WV
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Gregory Lee Ziegler III pled guilty to possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and received a sentence of forty-three months. He appeals the district court's two-level enhancement of his sentence under U.S.S.G. Sec. 2D1.1(b)(1)[1] for possession of a firearm during a drug offense, and its failure to award him a three-level reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1(b). The government concedes that Ziegler was entitled to a three-level decrease for acceptance of responsibility. We affirm the enhancement for possession of a firearm, but find that the district court erred in refusing to grant the third level of reduction under section 3E1.1(b)(2). We vacate that portion of the sentence and remand for resentencing.
 
 
 2
 Ziegler was a passenger in a car driven by his co-defendant, Jacquet Lewis (a/k/a Jacquet Ellison), which was stopped for erratic driving on Interstate 77 in West Virginia. The car was determined to be a stolen vehicle.[2] A search of Ziegler turned up 2.09 grams of crack hidden in his underwear. A semiautomatic pistol was also discovered in the car.
 
 
 3
 Ziegler pled guilty to possession of crack with intent to distribute, but contested the recommended enhancement for possession of a gun during a drug offense. He represented through counsel at sentencing that the gun belonged to Lewis and that he did not know it was in the car until they were stopped and Lewis asked him to hide it.[3] However, Ziegler testified that the crack in the car belonged to him, that Lewis had packed the crack in a bag before they left from Georgia, and that he knew Lewis always carried a gun. On these facts, an enhancement under section 2D1.1(b)(1) was not error. The increase is properly made if the weapon is present during the offense unless it is clearly improbable that it is connected to the offense. U.S.S.G. Sec. 2D1.1, comment. (n.3). The presence of the gun was reasonably foreseeable to Ziegler, making him accountable for it under section 1B1.3(a)(1)(B). See United States v. White, 875 F.2d 427, 433 (4th Cir.1989). There was no evidence to support a finding that the weapon was probably unconnected to the offense.
 
 
 4
 Guideline section 3E1.1(a) provides for a two-level reduction in offense level when the defendant accepts responsibility for his offense. A third level of reduction is provided in subsection (b) for a defendant who either provides timely and complete information about his own involvement or enters a timely guilty plea. The district court found that Ziegler had accepted responsibility and had entered a timely guilty plea. The court then erred in denying him a third level of reduction because he had not, in the court's estimation, provided complete information about his involvement in the offense.
 
 
 5
 We therefore affirm the enhancement for possession of a firearm during a drug offense under section 2D1.1(b)(1). However, we vacate the sentence and remand with instructions that Ziegler be resentenced with a third level of reduction under section 3E1.1(b)(2). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 It had been reported stolen by Lewis' father, who lived in Georgia
 
 
 [3]
 Initially, the gun was in a bag with the crack. Ziegler put it under the passenger seat, and Lewis removed it from there and put it in the console between the seats, where it was found by police